UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARLIE SESSION**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA CVS PHARMACY, LLC**, <br><br> Defendant. | Case No. 24-cv-300 (CRC) |

## OPINION

Before the Court is Defendant District of Columbia CVS Pharmacy's ("CVS") motion to dismiss Plaintiff Arlie Session's *pro se* medical malpractice complaint. CVS's primary basis for dismissal is that Session did not comply with a mandatory notice provision found in the District of Columbia Malpractice Proceedings Act of 2006 ("MMPA"). Session does not contest that he failed to follow the MMPA's 90-day notice requirement, nor has he shown that the interests of justice require a waiver of that rule here. The Court will therefore dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6).

In December 2023, Session initiated this action by filing a hand-written complaint in the Superior Court for the District of Columbia. See Notice of Removal, Ex. 1 ("Compl.") at 1. In his complaint—which, apart from being sparse, is oftentimes difficult to decipher—Session alleges that the CVS Pharmacy located at 1418 P Street, NW, Washington D.C., provided him with the "wrong" medication, which caused him to break out and itch all over his body. Id. As recompense for the hardships he purportedly suffered, Session requests a hefty $3,000,000 in damages. Id. CVS removed the case to federal court two months later based on diversity jurisdiction and, in close succession, filed the present motion to dismiss the complaint under Rule 12(b)(6). CVS's main basis for dismissal is that, while Session did not specify a cause of action in his complaint, he effectively asserts a medical malpractice claim against the pharmacy.

See Mot. Dismiss at 1–2.  Under D.C. Code § 16-2802, though, a plaintiff must notify the intended defendant to a medical malpractice action at least 90 days before filing suit.  Because Session did not do so, CVS contends, the Court must dismiss his complaint.

The Court agrees.  Section 16-2802 provides, in relevant part, that "[a]ny person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action" and mandates that a "legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied."  Though "the MMPA does not define 'medical malpractice,'" another court in this District has held that "the fact that both 'pharmacies' and 'pharmacists' are explicitly included in the MMPA's definition of 'health care provider[s]'" clearly demonstrates that the legislature "must have contemplated [that] suits of this type" against pharmacies would fall "within the scope of the statute."  Diffenderfer v. United States, 656 F. Supp. 2d 137, 140 (D.D.C. 2009) (quoting D.C. Code § 16-2801).  The Court concurs with this interpretation of the MPAA and thus finds that Session was required to notify CVS of his lawsuit at least 90 days before proceeding in court.  He apparently did not do so.  Instead, CVS represents that it "first received notice of Plaintiff's claims when it was served with a copy of the Summons and Complaint, which had already been filed in the Superior Court for the District of Columbia."  Mot. Dismiss at 5.  Session does not dispute that representation in the several "Responses" he filed to CVS's motion to dismiss.

To be sure, there is some play in the joints of the MPAA, as the Court has discretion to waive this notice requirement "if the interests of justice dictate."  D.C. Code § 16-2804(b); see Lewis v. Washington Hosp. Ctr., 77 A.3d 378, 379–83 (D.C. 2013) (interpreting this waiver rule as vesting trial courts with significant discretion).  But here, Session has not "made a showing of

2

a good faith effort to persuade the court that [his] failure to give notice within the time prescribed should be excused." Ferebee v. Retina Grp. of Washington, No. 16-cv-1916 (KBJ), 2017 WL 4844640, at *2 (D.D.C. Aug. 7, 2017).  The Court appreciates that Session, as a *pro se* plaintiff, is attempting to navigate a complicated legal landscape on his own.  That was also true in Ferebee, however, where then-Judge Jackson found the absence of counsel was not reason enough to dispense with the MPAA's clear notice requirement.  Id.  Moreover, enforcing the pre-suit notice requirement here would not impose an undue hardship on Session because, unlike in Lewis, "the three-year statute of limitations on medical malpractice actions has [not yet] run," 77 A.3d at 382, so he could still refile his complaint after complying with the MPAA's sequencing.

Accordingly, the Court will grant CVS's motion and dismiss Session's complaint.  If Session wishes to proceed with this action, he should begin anew by providing CVS with notice "given by service" on CVS at its "last known address registered with the appropriate licensing authority."  D.C. Code § 16-2802(a).  That notice "shall include sufficient information to put the defendant on notice of the legal basis for the claim and the type and extent of the loss sustained, including information regarding the injuries suffered."  Id. § 16-2802(b).  Ninety days later, Session may file a new lawsuit.  In doing so, he is advised to type or draft his complaint in legible handwriting.  And, if appropriate, he may file an application to proceed *pro se in forma pauperis*.  See Pro Se Help, U.S. District Court for the District of Columbia, https://www.dcd.uscourts.gov/pro-se-help.

A separate Order will follow.

                                                   CHRISTOPHER R. COOPER
                                                   United States District Judge

Date:  April 5, 2024